**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(Miami-Dade Division)

| | |
|---|---|
| E.N. Yosef Trade Ltd.,<br><br>　　　Plaintiff,<br>v.<br><br>Forceget Logistics, LLC a Florida limited liability company d/b/a ForceGet Digital Freight Forwarder, and Burak Yolga, an individual,<br><br>　　　Defendant(s). | **Case No.:**<br><br><br>**COMPLAINT** |

Plaintiff, E.N. Yosef Trade Ltd. ("Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendants Forceget Logistics, LLC, a Florida limited liability company d/b/a ForceGet Digital Freight Forwarder, and Burak Yolga, an individual (collectively "Defendants" or "Forceget Parties"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.　Plaintiff, E.N. Yosef Trade Ltd., is a corporation organized under the laws of the State of Israel, with its principal place of business located in Israel. Plaintiff is engaged in the international sale of commercial goods and contracted with Defendants in connection with the shipment and delivery of goods into the United States.

2.　Defendant Forceget Logistics, LLC, doing business as ForceGet Digital Freight Forwarder ("Forceget"), is a limited liability company organized under the laws of the State of Florida, with its principal place of business in Florida.

3.      Forceget operates from 1504 Bay Road, Unit 1014, Miami Beach, Florida 33139, and engages in freight shipping and forwarding, including the transportation of goods by land, sea, and air into and throughout the United States.

4.      At all times material to this action, Forceget operated, and continues to operate, as a freight forwarder subject to federal regulation under 49 U.S.C. § 13903.

5.      Defendant Burak Yolga is the Chief Executive Officer, cofounder, and controlling managing member of Forceget. Yolga resides and is domiciled in the State of Florida, owns property in the state, and conducts substantial business through Forceget in Florida. Yolga personally directed, participated in, and had knowledge of the transactions, communications, and conduct giving rise to the claims asserted herein.

6.       Forceget and Yolga have extensively used internet platforms and social media to market Forceget's freight forwarding services and promote its brand identity. Yolga publicly represents Forceget as a trusted and capable provider of international logistics solutions. Through these public representations and commercial solicitations, Yolga actively participated in marketing Forceget as a reliable freight forwarder specializing in ocean freight, air freight, and door-to-door deliveries.

7.      Forceget, by and through its officers and agents, including Yolga, represented itself as a competent and trustworthy international freight forwarder.

8.      Forceget's operational and decision-making authority is centralized in Yolga, who dominates and controls the company to such a degree that it functions as his alter ego. This level of control, combined with Yolga's direct involvement in the underlying conduct, supports the assertion of personal liability in addition to corporate liability.

9.      The Forceget parties, including Forceget and Yolga, acted jointly and in concert to facilitate the conduct giving rise to this action. At a minimum, they acted with negligence and reckless disregard for Plaintiff's property, resulting in the loss of Plaintiff's shipment.

10.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337 because this action arises under federal law, including but not limited to: (a) 49 U.S.C. § 13903 and related provisions of the Federal Motor Carrier Safety Regulations governing the registration and operation of freight forwarders; (b) 49 U.S.C. § 14707, which authorizes private enforcement actions for violations by unregistered or noncompliant freight forwarders; and (d) the Lanham Act, 15 U.S.C. § 1125, prohibiting false or misleading commercial representations in connection with the offering of goods or services.

11.      Plaintiff also alleges negligence against the Defendant.

12.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 because this action arises under federal law, including but not limited to 49 U.S.C. §§ 13903, 13906, and 14707 governing the registration, insurance, and operation of freight forwarders engaged in ground transportation. Under 49 U.S.C. § 14707(a), a person injured by a freight forwarder that provides transportation or service without the required registration may bring a civil action for damages. Under § 14707(c), the prevailing plaintiff is entitled to a reasonable attorney's fee. Plaintiff pleads these statutory provisions as alternative or supplemental grounds for relief and fee-shifting.

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and both Defendants reside in and conduct business within this District.

## **GENERAL ALLEGATIONS**

13. Plaintiff became aware of Forceget freight forwarding services through Defendant Burak Yolga's extensive social media marketing campaign (including YouTube, Facebook, and other social media) and Forceget's website.

14. Forceget Parties market Forceget as "best freight forwarder China to US. We specialize in ocean freight, air freight and door to door deliveries."

15. Forceget's role as Freight Forwarder is also highlighted in its own d/b/a ForceGet Digital Freight Forwarder.

16. Freight Forwarders are regulated and licensed by the Federal Motor Carrier Safety Administration (FMCSA).

17. Freight Forwarders are required to carry public liability insurance (non-vehicle operating freight forwarders may seek waiver) and they must carry a minimum of a $75,000.00 Surety Bond.

18. Freight Forwarders have to maintain liability insurance coverage for lost property. Specifically, Section 49 U.S. Code §13906 (c)(3)(B)(C) requires liability insurance for damage or loss to the property as a result of freight forwarder's negligence:

(c) Freight Forwarder Financial Security Requirements. —

(3) Freight forwarder insurance. —

  (A) In general. —

    The Secretary may register a person as a freight forwarder under section 13903 only if the person files with the Secretary a surety bond, insurance policy, or other type of financial security that meets standards prescribed by the Secretary.

  (B) Liability insurance. —

    A financial security filed by a freight forwarder under subparagraph (A) shall be sufficient to pay an amount, not to exceed the amount of the financial security, for each final judgment against the freight forwarder for bodily injury to, or death of, an individual, or loss of, or damage to, property (other than property referred to in

subparagraph (C)), resulting from the negligent operation, maintenance, or use of motor vehicles by, or under the direction and control of, the freight forwarder while providing transfer, collection, or delivery service under this part.

(C) Cargo insurance. —

The Secretary may require a registered freight forwarder to file with the Secretary a surety bond, insurance policy, or other type of financial security approved by the Secretary, that will pay an amount, not to exceed the amount of the financial security, for loss of, or damage to, property for which the freight forwarder provides service.

22.     As such, Plaintiff reasonably relied upon Defendants' verbal and published representations of being "the best freight forwarder" and being in compliance with all of the federal and state regulations applicable to freight forwarders.

23.     Plaintiff reasonably expected Defendant Forceget to have and maintain appropriate liability coverage to cover its operations and the services that it provides.

24.     Plaintiff reasonably relied upon Forceget parties to comply with the legal requirements for Freight Forwarders and maintain proper freight forwarder insurance coverage.

25.     Defendants, as freight forwarders engaged in the domestic transportation of property by motor vehicle, are subject to the Federal Motor Carrier Safety Administration ("FMCSA") regulations, including 49 U.S.C. §§ 13903 and 13906(c) and 49 C.F.R. Part 387, Subpart C. These statutes and regulations impose mandatory duties on registered freight forwarders to maintain surety bonds or insurance for loss or damage to property and to comply with all FMCSA registration and financial responsibility requirements.

26.     Upon information and belief, Defendants failed to comply with one or more of these statutory duties, including but not limited to: (i) failing to maintain the required cargo insurance or surety bond under 49 U.S.C. § 13906(c)(3); (ii) misrepresenting their registration status and

insurance coverage to Plaintiff; and (iii) providing transportation or service without the registration and financial responsibility mandated by 49 U.S.C. § 13903.

27. Defendants' violations of 49 U.S.C. §§ 13903 and 13906(c)(3) directly and proximately caused Plaintiff's damages by preventing recovery for the lost shipment and enabling Defendants to issue invoices for shipments that were in fact lost or stolen. These statutory duties are intended to protect shippers such as Plaintiff from the precise harm suffered here.

28. Plaintiff had considerable dealings with Forceget parties throughout the year 2023.

29. Plaintiff, on multiple occasions, contracted Forceget Parties by and through their designated employees and representatives via email and telephone calls and messages as well as direct contact with Defendant Burak Yolga to ship Plaintiff's goods using the Forceget Parties' services throughout the United States.

30. Due to the parties' successful prior dealings, Forceget Parties gained Plaintiff's trust to safely and reliably ship Plaintiff's products.

31. As in their prior dealings with one another, upon information and belief, on or about December 13, 2023, the Plaintiff and Forceget Parties entered into yet another agreement (the "Agreement") with each other via both email and encrypted text messages whereby the Forceget Parties agreed to ship the largest amount of goods yet, specifically perfume and cologne products (the "goods"), for Plaintiff, with the goods arriving in Miami, Florida and then transporting the goods to an Amazon warehouse in Dupont, Washington. A true and correct copy of the parties' Agreement that was shared via encrypting messaging is attached as Exhibit "A."

32. While Plaintiff fulfilled all its obligations, the Forceget Parties failed to fulfill their obligations.

33. Contrary to Forceget parties' representations of safe and reliable shipment and the agreed-upon terms and Forceget Logistics, LLC's email that Plaintiff's goods were picked up,

From: <sandratamara@forceget.com>
Date: Tue, Dec 19, 2023 at 5:04 PM
Subject: RE: AWB 114-61706466 MIA ORO31008813 To AMAZON SEA / FGET-29111
To: Kishor Kumar <kishork@rtwlogistics.net>, <nicolaslopera@forceget.com>, Yaniv Yosef <yaniv@entradeltd.com>,
Cecil Vinod <cecilv@rtwlogistics.net>, Airexport <airexport@oroc.co.il>
Cc: Yaron Pinto <yaron@oroc.co.il>, Bechor Eli <bechoreli@oroc.co.il>, Eli Levi <elilevi@oroc.co.il>, Inon Vidal
<inon@entradeltd.com>, Eliran Katriel <eliran@entradeltd.com>, <sebastianvelasquez@forceget.com>


Hello,


Thank you, this shipment was picked up yesterday. We will let you know once delivered.

the Forceget Parties failed to deliver the goods to the destination specified in their agreement.

34. As of on or about December 18, 2023, Plaintiff's goods have been stolen due to the Defendants' deliberate misconduct, if not gross negligence and reckless disregard for Plaintiff's rights to its property.

35. Despite their knowledge that Plaintiff's goods were stolen or lost on or about the last two weeks of December, Forceget Parties continued to make representations to Plaintiff that the goods were in transit and that they arrived.

36. Forceget even sent Plaintiff invoices for the "successful" shipment and delivery, despite their knowledge that the shipment was stolen or lost.

37. Unfortunately, subsequently Plaintiff discovered that Defendant, Forceget Logistics, LLC a Florida limited liability company d/b/a ForceGet Digital Freight Forwarder did not have the required insurance policies in place to cover their business purpose or the stolen goods, despite representations to Plaintiff by Forceget's representatives and Barak Yolga that Forceget is in compliance with federal regulations and that there is appropriate insurance in place.

38.     As a direct result of the Forceget Parties' actions, Plaintiff has suffered significant financial losses and damages, including but not limited to, the value of the stolen goods, lost profits, and additional expenses incurred in attempts to locate and recover the goods.

39.     The stolen goods were valued at approximately $555,000.00 and the total damages, including consequential and incidental damages amount to $1,620,000.00, not including attorneys' fees and costs.

40.     Plaintiff has made repeated demands for compensation and reimbursement from the Forceget Parties, all of which have been ignored, rebuffed or refused.

41.     Plaintiff has had to engage the undersigned counsel and pay attorney's fees and costs due to the Forceget Parties' misconduct, which ultimately now necessitates this lawsuit.

42.     At all relevant times, Defendants held themselves out to the public, including to Plaintiff, as a federally compliant and fully insured international freight forwarder capable of lawfully and reliably managing complex shipments into and throughout the United States.

43.     Defendants publicly marketed Forceget as one of the best freight forwarders offering door-to-door international shipping solutions, including ocean freight and air freight services. These representations were made through Forceget's website, social media platforms, email communications, and other advertising channels.

44.     Through these commercial statements, Defendants expressly and implicitly represented that they operated in full compliance with all applicable federal laws and regulations governing freight forwarders, including the requirements of the Federal Motor Carrier Safety Administration (FMCSA) regarding registration, insurance, and liability.

45.     These representations were material to Plaintiff's decision to contract with Forceget, and were designed to induce Plaintiff and other similarly situated shippers to entrust Defendants with high-value commercial goods.

46.     Upon information and belief, at the time these representations were made, Defendants did not maintain the insurance coverage required by 49 U.S.C. § 13906, nor did they comply with the financial responsibility standards set forth in 49 U.S.C. § 13903 or FMCSA regulations.

47.     Defendants' statements were false and misleading as to the nature, characteristics, and legal compliance of their services, and were likely to deceive Plaintiff and other members of the public as to the reliability, insurability, and lawful operation of Forceget's business.

48.     Defendant Yolga directly participated in the creation, publication, and dissemination of these false commercial representations. He acted not only on behalf of Forceget but also in his personal capacity as its principal and public spokesperson.

49.     As a direct and proximate result of these misrepresentations, Plaintiff suffered substantial financial losses, including the loss of its shipment, lost profits, and consequential damages, as well as attorneys' fees and costs now incurred in this action.

## COUNT I: BREACH OF CONTRACT AGAINST FORCEGET

50.     Plaintiff incorporates by reference paragraphs 25 through 34, which detail the existence of the contract, the parties' obligations, and Forceget's failure to perform.

51.     A valid and binding agreement existed between Plaintiff and Defendant Forceget Logistics, LLC, under which Forceget agreed to safely and lawfully transport Plaintiff's commercial goods.

52. Plaintiff fully performed its obligations under the agreement, including tendering the goods and making payment.

53. Forceget breached the contract by failing to deliver the goods, misrepresenting the shipment status, and failing to maintain required freight forwarder insurance coverage.

54. As a direct and proximate result of this breach, Plaintiff suffered substantial damages, including but not limited to the loss of the goods valued at approximately $555,000.00 and consequential damages totaling over $1.6 million.

**WHEREFORE,** Plaintiff demands judgment against Forceget for compensatory and consequential damages, pre- and post-judgment interest, and any other relief the Court deems just and proper.

### COUNT II: FRAUD AGAINST FORCEGET AND BURAK YOLGA

55. Plaintiff incorporates by reference paragraphs 6, 13-34, and 39 through 46, which set forth the false representations made by Forceget and Yolga.

56. Defendants knowingly and intentionally made false representations, including that:

- Forceget was in compliance with all applicable federal regulations;

- It maintained proper insurance coverage;

- It could safely and reliably handle high-value shipments.

57. These statements were made in public advertising, verbal communications, and contractual negotiations, including through social media platforms and YouTube videos.

58. Plaintiff justifiably relied on Defendants' false representations, including those made by Yolga personally, and entrusted Forceget with its shipment.

59. The representations were false at the time they were made, and Defendants knew or should have known their falsity.

60.     Defendants further concealed from Plaintiff that they were in violation of 49 U.S.C. §§ 13903 and 13906(c)(3), including by misrepresenting their registration status and insurance coverage, thereby rendering their representations about their ability to lawfully and safely handle Plaintiff's shipment false and misleading.

61.     As a direct and proximate result, Plaintiff suffered substantial damages.

**WHEREFORE,** Plaintiff seeks judgment against Defendants for actual and punitive damages, attorneys' fees, and such other relief as this Court deems just and proper.

### COUNT III: PROMISSORY ESTOPPEL
### AGAINST FORCEGET AND BURAK YOLGA

62.     Plaintiff realleges and incorporates by reference paragraphs 13, 22 through 30, and 39 through 42, solely to the extent they support this alternative theory of recovery.

63.     In the event the Court finds no enforceable contract existed between Plaintiff and Defendants, Plaintiff alleges that Defendants made clear and definite promises, including, but not limited to:

a.      That they were a licensed and insured freight forwarder authorized to operate in the United States;

b.      That they had the capacity and reliability to handle large and high-value international shipments;

c.      That Plaintiff's goods would be securely picked up, transported, and delivered as agreed;

d.      That appropriate insurance coverage would be maintained throughout the shipping process.

60.     These promises were made through verbal communications, emails, and marketing materials specifically targeting Plaintiff and other commercial clients and were intended to induce reliance.

61. Plaintiff reasonably relied on these promises in contracting with Defendants for the shipment of its largest and most valuable load to date, and Plaintiff performed its obligations in full under the parties' agreement.

62. Defendants failed to perform as promised, including by failing to secure the shipment, by failing to deliver the goods as agreed, and by failing to maintain the required insurance coverage.

63. As a result of Plaintiff's reliance on Defendants' promises, Plaintiff suffered damages, including the value of the stolen shipment, lost profits, and other consequential losses.

64. Injustice can only be avoided by the enforcement of Defendants' promises through the award of compensatory damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, including consequential damages, pre- and post-judgment interest, and any other relief this Court deems just and proper.

### COUNT IV: VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a) (FALSE ADVERTISING)

66. Plaintiff incorporates by reference paragraphs 6 through 8, 13 through 24, and 39 through 49, which set forth Defendants' marketing representations.

67. Defendants made materially false and misleading statements in interstate commerce regarding their services, including:

- That they were the "best Amazon FBA Freight Forwarder,"

- That they complied with all federal insurance requirements,

- That they offered secure and lawful international shipping services.

68.     These statements were made via Forceget's website, social media, and video platforms, including a YouTube video dated June 21, 2022, with over 4,800 views. *See* https://www.youtube.com/watch?v=wRj9IeUk7uk.

69.     The representations were likely to deceive a reasonable consumer and were intended to induce commercial reliance.

70.     Plaintiff relied on these false representations and suffered actual injury as a result.

**WHEREFORE,** Plaintiff seeks damages, treble damages under 15 U.S.C. § 1117, and attorneys' fees and costs.

## COUNT V: VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

71.     Plaintiff incorporates by reference paragraphs 13 through 34, and 39 through 49, which describe the acts of deception.

72.     Defendants engaged in unfair and deceptive practices by:

- Misrepresenting the nature and compliance of their services;

- Advertising Forceget as a reliable and insured freight forwarder;

- Making false claims regarding regulatory compliance.

73.     These misrepresentations were made to induce customers like Plaintiff to trust and contract with Forceget.

74.     Defendants further concealed from Plaintiff that they were in violation of 49 U.S.C. §§ 13903 and 13906(c)(3), including by misrepresenting their registration status and insurance coverage, thereby rendering their representations about their ability to lawfully and safely handle Plaintiff's shipment false and misleading

75.     As a direct result, Plaintiff suffered damages including loss of goods and reliance damages.

**WHEREFORE,** Plaintiff seeks actual damages, attorneys' fees under Fla. Stat. §501.2105, and other relief deemed appropriate.

## COUNT VI: NEGLIGENCE AGAINST FORCEGET AND BURAK YOLGA

76. Plaintiff incorporates by reference paragraphs 25 through 34, 39 through 49, which describe the duty of care and Defendants' breaches.

77. Defendants owed Plaintiff a duty of care as common carriers and freight forwarders.

78. Defendants breached their duty by:

- Failing to ensure secure shipment;

- Failing to comply with federal insurance regulations;

- Misrepresenting their capacity to provide insured services.

79. Defendants further concealed from Plaintiff that they were in violation of 49 U.S.C. §§ 13903 and 13906(c)(3), including by misrepresenting their registration status and insurance coverage, thereby rendering their representations about their ability to lawfully and safely handle Plaintiff's shipment false and misleading

80. Defendants' violations of 49 U.S.C. §§ 13903 and 13906(c)(3) constitute negligence per se, because the duties imposed by these statutes are designed to protect shippers from loss and deception.

81. These breaches directly caused Plaintiff's losses.

**WHEREFORE,** Plaintiff demands judgment for compensatory damages, interest, and other appropriate relief.

## COUNT VII: VIOLATION OF 49 U.S.C. § 14707 AGAINST FORCEGET

81. Plaintiff incorporates by reference paragraphs 4, 6, 16 through 18, and 39 through 49, which address federal registration and insurance obligations.

82. Defendant Forceget operated as a freight forwarder but failed to maintain the required cargo insurance under 49 U.S.C. § 13906(c)(3).

83. As a result, Forceget was not in compliance with 49 U.S.C. § 13903 or other federal freight forwarding regulations.

84. Forceget's noncompliance directly caused Plaintiff's losses when goods were stolen and no insurance coverage existed.

**WHEREFORE,** Plaintiff seeks damages, attorneys' fees under 49 U.S.C. § 14707(c), and other appropriate relief.

## COUNT VIII: UNREGISTERED FREIGHT FORWARDER / VIOLATION OF 49 U.S.C. § 14707

85. Plaintiff realleges and incorporates by reference paragraphs 1 through 49, including paragraphs 25-27 above.

86. Defendant Forceget operated as a freight forwarder engaged in the ground transportation of Plaintiff's property but failed to maintain the registration and cargo insurance required by 49 U.S.C. §§ 13903 and 13906(c)(3).

87. Under 49 U.S.C. § 14707(a), any person injured by a freight forwarder providing transportation or service without the required registration may bring a civil action for damages. Under § 14707(c), the prevailing plaintiff is entitled to a reasonable attorney's fee.

88. As a result of Forceget's noncompliance, Plaintiff's goods were stolen and no insurance coverage existed to reimburse Plaintiff.

**WHEREFORE**, Plaintiff seeks damages, pre- and post-judgment interest, and reasonable attorney's fees under 49 U.S.C. § 14707(c), together with any other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this August 20, 2025

Respectfully submitted,

*/s/ Michael A. Citron, Esq.*
Michael A. Citron, Esq.
Florida Bar No: 105083
Anna Y. Lenchus
Florida Bar No.: 26382
**MAC Legal, P.A.**
*Attorneys for Plaintiff*
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
Telephone: (954) 395-2954
Facsimile: (305) 402-0866
Michael@MACLegalPA.com
Service@MACLegalPA.com