**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24180-JEM**

**E.N. YOSEF TRADE LTD.,**

     Plaintiff,

**v.**

**FORCEGET LOGISTICS, LLC, *et al.***

     Defendants.

_____ /

**FORCEGET LOGISTICS, LLC,**

Third-Party Plaintiff,

**v.**

**NATIONAL AIRPORT SERVICES ,**
**TEAMWAY LOGISTICS, INC., and**
**ECHO GLOBAL LOGISTICS, INC.**

Third-Party Defendants.

_____ /

**<u>DEFENDANT FORCEGET LOGISTICS, LLC'S THIRD-PARTY COMPLAINT</u>**

Defendant Forceget Logistics, LLC ("Forceget"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 14(a)**,** files this Third-Party Complaint against National Airport Services ("NAS"), Teamway Logistics, Inc. ("Teamway"), and Echo Global Logistics, Inc. ("Echo") (collectively, "Third-Party Defendants") and alleges as follows:

## PARTIES

1.      Original Plaintiff, E.N. Yosef Trade Ltd. ("EN Trade") is a corporate entity incorporated under the laws of Israel with its principal place of business in Israel. Plaintiff is a citizen of Israel for purposes of diversity jurisdiction.

2.      Forceget is a limited liability company based at 1504 Bay Road Unit 1214 Miami Beach, FL, 33139. Forceget is a two-member limited liability company; its members are citizens of Florida and Turkey for purposes of diversity jurisdiction.

3.      Upon information and belief, Third-Party Defendant National Airport Services ("NAS") is a company headquartered at 6025 NW 18th St Bldg 716E, Miami, FL 33126.

4.      Upon information and belief, Third-Party Defendant Teamway Logistics, Inc. ("Teamway"), is a company headquartered at 5301 Alpha Rd Ste 80 #6092 Dallas, TX 75240.

5.      Upon information and belief, Third-Party Defendant Echo Global Logistics, Inc. ("Echo") is a company incorporated in the state of Delaware and headquartered in Chicago, IL.

## JURISDICTION AND VENUE

6.      This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a), because the claims asserted herein are so related to the claims in the main action that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Florida.

## GENERAL ALLEGATIONS

8.      EN Trade filed a complaint against Forceget arising from an allegedly lost shipment of cosmetic goods (the "Shipment").

9.      EN Trade retained Forceget, among other logistics and shipping companies, to assist with the Shipment. EN trade intended the Shipment be shipped to an Amazon warehouse in Dupont, Washington. The Shipment ultimately did not reach its destination.

10.     Forceget's involvement in the Shipment was limited to coordination with a logistics service provider, Third-Party Defendant Teamway, which Forceget engaged as a broker.

11.     Teamway was responsible for coordination with a trucking company for pickup of the Shipment from the Miami airport facility and for coordinating delivery of the Shipment to the intended destination.

12.      There were other logistics service providers dealing with the Shipment up to and through the Miami airport pickup, including NAS.

13.     Upon information and belief, Teamway located and retained what it believed to be Delong Trucking LLC ("Delong") to transport the Shipment across the country to the intended destination.

14.     Upon information and belief, an unknown individual deceived Teamway by impersonating a Delong Trucking representative.

15.     Forceget had no direct communication or involvement in retaining or coordinating the unknown individual posing as Delong during the shipping process.

16.     Upon information and belief, NAS was responsible for handing off physical possession of the Shipment to the unknown individual impersonating Delong Trucking.

17.     Upon information and belief, NAS handed off this shipment to the unknown individual without receiving legitimate paperwork.

18.     Upon information and belief, that same unknown individual simultaneously impersonated an individual named Chayden Bray as a purported representative of JBS Foods

("JBS") to retain another, separate logistics service provider, Echo, to coordinate shipping the Shipment to the unknown individual's diverted location.

19.     Upon information and belief, Echo retained a trucking company and coordinated the shipping of the Shipment by the trucking company to a diverted location chosen by the unknown individual – a "Shipazon" facility at a different location in Washington. Upon information and belief, the Shipment was shipped and unloaded there at Echo's direction.

20.     Upon information and belief, an unknown party then picked up the Shipment from the Shipazon facility and the Shipment has not been seen since.

21.     EN Trade's Complaint asserts the following causes of action against Forceget: (1) Breach of Contract (against Forceget only); (2) Fraud; (3) Promissory Estoppel; (4) Lanham Act § 43(a) ; (5) Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (6) Negligence; and (7) – (8)  49 U.S.C. § 14707 .

22.     In support of its claims generally, EN Trade makes an overarching allegation that Forceget represented that it would obtain insurance coverage for the goods (the "False Insurance Allegations") (Complaint at ¶¶ 37, 53, 56, 60 (first), 63 (first), 62 (second), 67, 74, 78, 79, 82).[1]

23.     The Third-Party Defendants here are either ultimately liable in lieu of Forceget for the underlying causes of actions in the Complaint or would be jointly liable with Forceget, if Forceget was to ultimately be found liable.

24.     The Shipment was never in Forceget's physical possession. Teamway was responsible for pickup and delivery of the Shipment to its intended destination.

---

[1] The Complaint contains a numbering error. After paragraph 63, the numbering restarts at paragraph 60, resulting in two sets of paragraphs 60-63. Citations to "60 (first)" and "63 (first)" refer to the paragraphs as initially numbered. The citation to "62 (second)" refers to the renumbered paragraphs appearing after paragraph 63.

DEFENDANT FORCEGET LOGISTICS, LLC THIRD-PARTY COMPLAINT

25.     Additionally, other logistics service providers are at fault for EN Trade's underlying claim.

26.     On information and belief, Third-Party Defendant Echo independently coordinated with the unknown individual and ultimately directed the diversion of the Shipment away from its intended destination, with no involvement by Forceget parties.

27.     On information and belief, Third-Party Defendant NAS, as agent of EN Trade, is ultimately responsible for handing off the possession of the shipment to an unknown individual, which lead to the Shipment's disappearance.

## COUNT I: INDEMNIFICATION AS TO TEAMWAY LOGISTICS, INC.

28.     Forceget reallege and incorporate paragraphs 1 through 27 as if fully set forth herein.

29.     A special relationship exists between Teamway and Forceget by virtue of Forceget's engagement of Teamway to coordinate the Shipment.

30.     Teamway is at fault for EN Trade's claims against Forceget because it is the party that that ultimately engaged in the conduct which underpins EN Trade's claims.

31.     The Shipment was never in Forceget's physical possession.   Teamway was responsible for picking up the Shipment and transporting the Shipment to its intended destination.

32.     Thus, Forceget is not at fault for the alleged damages incurred as a result of the claims in EN Trade's complaint.

33.     Forceget's alleged liability, if any, arises by virtue of Teamway's conduct, and not from any independent wrongdoing by Forceget

34.     Forceget is entitled to indemnification from Teamway for any judgment, settlement, or damages paid to Plaintiff.

**WHEREFORE**, Forceget respectfully requests judgment against Teamway for: Full indemnification for any damages or costs awarded to Plaintiff; attorneys' fees and litigation costs incurred in defending the main action; and any other relief the Court deems just and proper.

**COUNT II: EQUITABLE CONTRIBUTION AS TO ECHO GLOBAL LOGISTICS, INC.**

35.     Forceget realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

36.     EN Trade's Complaint against Forceget alleges causes of action including breach of contract, fraud, and negligence, and seeks damages allegedly arising from the conduct of Forceget.

37.     Any such damages alleged by Plaintiff, to the extent they exist, were caused in whole or in part by the conduct, actions, and omissions of Echo.

38.     Upon information and belief, Echo participated in, induced, or otherwise contributed to the same acts or omissions giving rise to Plaintiff's claims, including but not limited to by independently coordinating and communicating with the unknown individual and ultimately directing the diversion of the Shipment away from its intended destination, contributing to the ultimate loss of the Shipment.

39.     If Forceget is found liable to Plaintiff, then Echo is also responsible, in whole or in part, for the alleged damages and should be required to contribute to any judgment or settlement paid by Forceget.

40.     Forceget seeks equitable contribution from Echo for any amount Forceget is compelled to pay to Plaintiff that exceeds its fair and proportionate share of liability.

**WHEREFORE**, Forceget demands judgment against Echo for equitable contribution, together with all appropriate relief the Court deems just and proper, including attorneys' fees and

costs.

**COUNT III: EQUITABLE CONTRIBUTION AS TO NATIONAL AIRPORT SERVICES**

41.     Forceget realleges and incorporate paragraphs 1 through 27 as if fully set forth herein.

42.     EN Trade's Complaint against Forceget alleges causes of action including breach of contract, fraud, and negligence, and seeks damages allegedly arising from the conduct of Forceget.

43.     Any such damages alleged by Plaintiff, to the extent they exist, were caused in whole or in part by the conduct, actions, and omissions of NAS.

44.     Upon information and belief, NAS participated in, induced, or otherwise contributed to the same acts or omissions giving rise to Plaintiff's claims, including but not limited to by handing over physical possession of a shipment to the unauthorized and unknown individual, failing to verify paperwork, and contributing to the ultimate loss of the Shipment.

45.     If Forceget is found liable to Plaintiff, then NAS is also responsible, in whole or in part, for the alleged damages and should be required to contribute to any judgment or settlement paid by Forceget.

46.     Forceget seeks equitable contribution from NAS for any amount Forceget is compelled to pay to Plaintiff that exceeds its fair and proportionate share of liability.

**WHEREFORE**, Forceget demands judgment against NAS for equitable contribution, together with all appropriate relief the Court deems just and proper, including attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Forceget hereby demands a trial by jury on all issues so triable.


Dated: March 2, 2026

Respectfully submitted,

D'AMURA & ZAIDMAN, PLLC

*/s/ Richard A. D'Amura*
Florida State Bar No. 663921
1435 Lenox Ave.
Miami Beach, Florida 33139
Phone: (917) 627-2251
Email: rdamura@dz-pllc.com

*Attorneys for Defendants/Third-Party Plaintiffs Burak Yolga and Forceget Logistics, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Richard A. D'Amura*