**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:25-cv-24180-JEM**

**E.N. YOSEF TRADE LTD.,**

Plaintiff,

**v.**

**FORCEGET LOGISTICS, LLC,** *et al.*

Defendants.

_____ /

**FORCEGET LOGISTICS, LLC,**

Third-Party Plaintiff,

**v.**

**NATIONAL AIRPORT SERVICES,**
**TEAMWAY LOGISTICS, INC., and**
**ECHO GLOBAL LOGISTICS, INC.**

Third-Party Defendants.

_____ /

## THIRD-PARTY DEFENDANT ECHO GLOBAL LOGISTICS, INC.'S MOTION TO DISMISS COUNT II EQUITABLE CONTRIBUTION OF FORCEGET'S THIRD PARTY COMPLAINT

Third-party defendant Echo Global Logistics, Inc. ("Echo"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) files this Motion to Dismiss Count II Equitable Contribution of Forceget's Third Party Complaint (Doc. 32) and in support states as follows:

**PRELIMINARY STATEMENT**

The Complaint filed by Plaintiff E.N. Yosef Trade Ltd. ("EN Trade") alleges that EN Trade and Forceget entered into an agreement to ship goods for EN Trade (See Doc. 1, paragraphs 31, 51 and Ex. A) and that Forceget breached that agreement by failing to deliver the goods, misrepresenting the shipment status, and failing to maintain required freight forwarder insurance coverage. (See Doc. 1, paragraph 53).  Echo is not referenced in the Complaint.

Forceget's Third-Party Complaint ("TPC") similarly alleges that EN Trade sued Forceget for damages arising from a lost shipment that EN Trade hired Forceget to assist with. (See, Doc 32, paragraph 8, 9).  Forceget additionally alleges that it hired broker Teamway to make arrangements for the shipment (See Doc 32, paragraph 10, 11) and that Teamway intended to hire motor carrier Delong to perform the move (See Doc 32, paragraph 13) however an imposter deceived Teamway and picked up the cargo instead of Delong. (See Doc 32, paragraph 14). National Airport Services ("NAS"), the entity responsible for delivering the cargo to Delong, is alleged to have delivered the cargo to an unknown individual. (See, Doc 32, paragraph 16, 17). The TPC goes on to allege that the same unknown individual allegedly impersonated a representative of JBS Foods and retained Echo to coordinate transportation of the goods to another destination. (See Doc 32, paragraph 18).  Echo is alleged to have retained a trucking company to transport the cargo to the other destination, Shipazon, who received the cargo and allegedly released it to an unknown individual. (See Doc 32, paragraph 19, 20).

Count II Equitable Contribution against Echo, which incorporates the above referenced allegations, further alleges that Echo independently coordinated and communicated with the

unknown individual and directed the Shipment away from its intended destination, contributing to the ultimate loss of the Shipment. (See, Doc 32, paragraph 38).

The TPC contains no allegation that Echo was a guarantor or surety and does not even allege a contractual relationship between the Forceget and Echo.  Consequently the TPC fails to state a claim for Equitable Contribution against Echo, for which reason it should be dismissed as a matter of law.

## MEMORANDUM OF LAW

## ECHO IS NOT ALLEGED TO BE A GUARANTOR OR SURETY

Florida courts have confined the application of the Equitable Contribution doctrine to the guarantor and surety context.  Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC, No. 11-60665-CIV, 2012 WL 12838283, at *3 (S.D. Fla. May 29, 2012). See also, Schrank v. Pearlman, 803 So. 2d 559, 561 (Fla. 3d DCA 1996) (Equitable contribution allows for co-guarantors to recover from one another if one of them has paid more than his fair share, the parties having all executed a personal guaranty of a loan); Helmet House Corp. v. Stoddard, 861 So. 2d 1178, 1180 (Fla. 4th DCA 2003) (rejecting the argument that a contractor and subcontractor were co-obligors against whom an equitable contribution claim could be brought); Love v. Gibson, 2 Fla. 598, 618–19 (Fla. 1849) ("Equitable contribution grows out of an implied agreement, that if one surety shall be compelled to pay the whole, or a disproportionate part of the debt, the other shall pay such a sum as shall render their common burden equal.").

The TPC does not allege that Echo is liable as a guarantor or surety or contain any factual proffers which could characterize Echo as a guarantor or surety.  Accordingly, as a foundational basis for an Equitable Contribution claim against Echo has not been alleged, the claim must be dismissed. Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC, No. 11-60665-CIV, 2012

---

[1] Notably, the Kiewit court qualified its extension of the Equitable Contribution doctrine by recognizing that the Southern District of Florida does not extend the doctrine beyond the guarantor / surety context.

3

WL 12838283, at *3 (S.D. Fla. May 29, 2012).

## ECHO IS NOT AN ALLEGED CONTRACTOR OF EITHER THE PLAINTIFF OR THE THIRD PARTY PLAINTIFF

The TPC likewise does not allege that Echo is a subcontractor or that there is a subcontract or any other agreement between Forceget and Echo which created a common obligation between them owed to the Plaintiff.  Accordingly, even under the Middle District of Florida's expansive analysis of the Equitable Contribution doctrine in Kiewit Infrastructure S. Co. v. W. Sur. Co.,No. 2:20-CV-660-JLB-NPM, 2021 WL 5416149, at *2 (M.D. Fla. Nov. 19, 2021), in which the Middle District of Florida extended the doctrine to a prime contractor's claim against a sub-contractor based on an alleged common obligation created by the contract between them, the TPC fails to state a claim for Equitable Contribution as such facts are not alleged here.

Neither the Complaint nor the TPC allege a common contractual obligation jointly owed to the Plaintiff by Forceget and Echo, nor does either pleading otherwise support a contractor/ subcontractor relationship or a subcontract agreement between Forceget and Echo which could bring this case within the parameters of the non-binding precedent of Kiewit. [1] Nor does Forceget's claim support a claim between guarantors or insurance companies. There is no legal authority permitting an Equitable Subrogation claim against Echo, a third party with whom the claimant has alleged no contractual relationship, either as sureties or guarantors or contractor – subcontractor owing a joint obligation to a third party. Count II accordingly fails to state a claim for Equitable Contribution against Echo upon which relief can be granted for which reason it should be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

## NO EQUITABLE CONTRIBUTION BETWEEN JOINT TORTFEASORS

In Florida, a joint tortfeasor has no right to contribution except as provided by statute. Patient's Compensation Fund v. St. Paul Fire and Marine Ins. Co., 559 So.2d 195, 197 (Fla 1990);

---

[1] Notably, the Kiewit court qualified its extension of the Equitable Contribution doctrine by recognizing that the Southern District of Florida does not extend the doctrine beyond the guarantor / surety context.

Hyster Co. v. David, 612 So.2d 678, 800 (Fla. App. 1 Dist. 1993) (In Florida, no right to contribution from other joint tortfeasors existed under the common law; that right is a creature of statute).  Porto Venezia Condominium Association, Inc. v. WB Fort Lauderdale, LLC, 2012 WL 12838283, at *3 (S.D. Fla. May 29, 2012) (common law contribution claim by joint tortfeasor does not exist under Florida law.)  The applicable statute, §780.81(3), Fla. Stat. (2009), Florida's comparative fault statute, provides that, "the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." Id.  The 2006 amendment to the comparative fault statute essentially "rendered obsolete" a claim for contribution in a tort case under Florida law. T & S Enterp. Handicap Accessibility, Inc. v. Wink Ind. Maint. & Repair, Inc., 11 So.3d 411, 413 (Fla. 2d DCA 2009); see also, Zazula v. Kimpton Hotels and Restaurants, L.L.C., 2011 WL 1657872, 2 (S.D.Fla.2011). Since there is no joint and several tort liability in Florida, Forceget would be liable to the Plaintiff in tort solely for its own fault. As such, Forceget would be required to pay only damages it may be found to have caused the Plaintiff to incur.  An equitable contribution cause of action based on tort is not available as Forceget will only be liable in tort for its portion of fault for any damages found due the Plaintiff.  No common obligation is owed. See Helmet House Corp. v. Stoddard, 861 So.2d 1178, 1179 (Fla. 4th DCA 2003). Accordingly, Count II Equitable Contribution should be dismissed to the extent it is premised on Forceget and Echo being joint tortfeasors.

## CONCLUSION

The Complaint and the TPC reference a contractual relationship between the Plaintiff and

---

[1] Notably, the Kiewit court qualified its extension of the Equitable Contribution doctrine by recognizing that the Southern District of Florida does not extend the doctrine beyond the guarantor / surety context.

Forceget only.  Neither pleading alleges a subcontractor or other contractual relationship between the Plaintiff and Echo or between Forceget and Echo.  Nor does the TPC allege that Echo was a guarantor or surety.  As there is no allegation of a contract between the Plaintiff and Echo, Forceget and Echo cannot have a common contractual obligation to the Plaintiff as guarantors, sureties or otherwise. Accordingly, there is no basis upon which an Equitable Contribution claim against Echo can be asserted on a guaranty or surety basis, which, by definition, are contractual.

For the foregoing reasons, Count II Equitable Contribution against Echo should be dismissed as a matter of law pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted. <u>Porto Venezia Condo. Ass'n, Inc. v. WB Fort Lauderdale, LLC</u>, No. 11-60665-CIV, 2012 WL 12838283, at *3 (S.D. Fla. May 29, 2012).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1 8 t h  ___day of _March____, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Michael A. Citron, Esq**. Michael@MACLegalPA.com Service@MACLegalPA.com and **Anna Lenchus, Esq**. A.Lenchus@MACLegalPA.com MAC Legal P.A. 4601 Sheridan Street, Suite 205, Hollywood, FL 33021, *Counsel for Plaintiff*, **Lowell Kuvin, Esq**. Lowell@kuvin.law LAW OFFICE OF LOWELL J. KUVIN LLC. 17 East Flagler Street, Suite 223, Miami, FL 33131, *Counsel for NAS*, and **Richard A. D'Amura, Esq.** rdamura@dz-pllc.com D'AMURA & ZAIDMAN, PLLC. 1435 Lenox Avenue, Miami Beach, Florida 33139, *Counsel for Def/ThirdPartyPlntffs Burak Yolga/Forceget LogisticsLLC.* in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

---

[1] Notably, the Kiewit court qualified its extension of the Equitable Contribution doctrine by recognizing that the Southern District of Florida does not extend the doctrine beyond the guarantor / surety context.

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida 33143
Phone: (305) 663-0177
Facsimile: (305) 663-0146

BY: _____

Jonathan Cooper, Esquire
Florida Bar Number: 99376
Email: jcooper@shiplawusa.com
Robert W. Blanck, Esquire
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
Attorneys for: Echo Global Logistics Inc.

8290/MtnToDismissThirdPartyComplaint

---

[1] Notably, the Kiewit court qualified its extension of the Equitable Contribution doctrine by recognizing that the Southern District of Florida does not extend the doctrine beyond the guarantor / surety context.